REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission
Is the decision to accept or reject a classified advertisement in a newspaper an action covered under the Public Accommodations Act, Neb.Rev.Stat. § 20-132 et. seq. (1983)?
No.
A charging party filed a complaint with the Nebraska Equal Opportunity Commission (NEOC) under the Public Accommodations Act. The complaint alleged that a newspaper failed to accept her classified advertisement and that the rejection of the advertisement was based on race/color. The NEOC inquired of this office whether the charge relating to the classified advertisement was covered under the Public Accommodations Act. After receiving our letter discussing the issue, the NEOC requested a formal opinion.
In examining the jurisdiction question, we first note the statutory language regarding jurisdiction in these cases. Neb.Rev.Stat. § 20-133 (Reissue 1983) provides that "unless the context otherwise requires, places of public accommodation shall mean all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, and accommodations for the peace, comfort, health, welfare and safety of the general public, and such public places providing food, shelter, recreation, and amusement. . . ." The statute then goes on to list certain types of establishments which are included under this act. The list contains such places as hotels, restaurants, and gasoline stations. The language used in defining the term, as well as the partial list provided in the statute, indicates that the statute contemplated services which are purchased on the premise of a place or business. In this regard, it would appear that with respect to newspapers, a newspaper facility could not deny the service of selling a newspaper to a person on its premise on the basis of race, color, sex, religion, national origin or ancestry. However, the purchasing of advertising space presents a different question.
The District Court of Nebraska and the Eighth Circuit recently addressed the issue of advertising in Sinn v. The Daily Nebraskan, 683 F. Supp. 143 (D. Neb. 1986), aff'd.829 F.2d 662 (8th Cir. 1987). In that case, a would be roommate advertiser brought suit against a university newspaper for the refusal of the paper to print an advertisement for a roommate which included the individual's sexual orientation. The district court noted that the university newspaper was not a "public forum." Additionally, the court noted that the newspaper had not consented to unrestricted access by the general public to its pages, and that there is no evidence that the paper had relinquished its editorial control over advertisements by accepting proffered material as a matter of course.
The Ninth Circuit also recognized the freedom to exercise subject editorial discretion in rejecting proffered articles for publication. In Associates and Aldrich Company v. Times Mirror Company, 440 F.2d 133 (9th Cir. 1971), the court held that the newspaper could not be compelled to accept and print advertising in the exact form submitted. The court noted that the appellant had not convinced it that courts or any other governmental agency should dictate the contents of the newspaper. The court further went on to say that there is no difference between compelling publication of material that the newspaper wishes not to print and prohibiting a newspaper from printing news or other materials.
Finally, we will examine a case in which a newspaper was held to be covered under a state public accommodation statute. In Tines v. Tomson, 206 Cal.Rptr. 866 (California Appellate 2 District 1984), the court held that a religious newspaper was subject to the provisions of the UNRUH Act. The UNRUH Civil Rights Act, Civil Code Section 51, emanated from and was modeled upon traditional public accommodations legislation. However, the UNRUH Civil Rights Act expanded the reach of such statutes from a common carrier and places of accommodation and recreation, e.g. railroads, hotels, restaurants, theatres, and the like, to include "all business establishments of every kind whatsoever." The court noted that the use of the words "all" and "of every kind whatsoever" in referring to a business establishment, was used in the broadest sense reasonably possible. In addition, the court noted that the original version of the bill referred specifically to the right "to purchase real property" and to other rights, such as obtaining "professional" services. The court went on to note that the deletion of the specific references was explained in previous cases on the ground that the Legislature deemed specific references no longer necessary in view of the broad language of the act as finally passed.
As courts have noted, newspapers are not generally public forums. The Tines case makes it clear that in order for a newspaper to be included under a public accommodation statute, the statute must be very broad in its jurisdictional terms. We do not feel that the Nebraska statute contains the broad language necessary to provide jurisdiction over newspaper advertisements.
Sincerely,
ROBERT M. SPIRE Attorney General
Elaine A. Catlin Assistant Attorney General